# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **IREEF BOYD,**  )  | |
| Plaintiff,  ) | |
| ) | Civil Action No. 7:21cv00170 |
| v.  ) | |
| ) | **MEMORANDUM OPINION** |
| **MS. HILL, et al.,**  ) | |
| Defendants  ) | By: Pamela Meade Sargent |
| ) | United States Magistrate Judge |

Plaintiff, Ireef Boyd, ("Boyd"), a prisoner previously incarcerated at the Cold Springs Detention Center, ("Cold Springs"), has filed this civil rights action pursuant to 42 U.S.C. §1983, against Cold Springs's Superintendent Hill, ("Hill"), Correctional Officer Sweet, ("Sweet"), and Kitchen Supervisor Puckett, ("Puckett"), alleging that his First Amendment right to freely exercise his religious beliefs under the U.S. Constitution were violated. This case is before the court on the defendants' motions to dismiss, (Docket Item Nos. 25, 34) ("Motions"). For the reasons stated below, the Motions will be granted and Boyd's claims dismissed.

### I. Facts

In his Complaint, (Docket Item No. 1), Boyd seeks compensatory and punitive damages, alleging that the defendants violated his rights under the First Amendment. The Complaint alleges that, sometime in May 2019 while incarcerated at Cold Springs, Boyd received his evening meal during the Muslim holy month of Ramadan, and it contained pork. The Complaint states: "The Plaintiff['s] religious belief is he can not eat pork. … Violated my first amendment." The Complaint alleges that Boyd told Sweet that there was pork on his tray. Sweet "said he was

going to make a call but when he came back he said they said [there] was nothing else to fix." Complaint at 7. The Complaint alleges that Boyd "wrote it up," and Hill responded that "she told them to fix it but later on found out it wasn't fixed."

The Complaint further alleges:

> … I wasn't given a place to pray inside the dorm[.] They told me to pray in between the [bunks] but there was not enough space[.] Also, Ms. Puckett[,] the kitchen supervisor … use[d] to serve pork without telling anybody while whispering to her line [workers] ["]watch them Muslims eat that pork.…["]

Complaint at 7.

## *II. Analysis*

In the Motions, the defendants argue that Boyd's Complaint should be dismissed under Federal Rules of Civil Procedure Rule 12(b)(6) for failing to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss, all well-pleaded factual allegations contained in a complaint are to be taken as true and viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and it must allege facts specific enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Dismissal also may be appropriate where the complaint contains a detailed description of underlying facts, which fail to state a viable claim. *See Estelle v. Gamble*, 429 U.S. 97, 106-08 (1976).

Furthermore, the court is required to liberally construe complaints filed by plaintiffs proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *See Erickson,* 551 U.S. at 94; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This requirement of liberal construction does not mean, however, that the court should ignore a clear failure to plead facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

In this case, Boyd claims that his First Amendment right to freely exercise his religion was violated when he was served pork, and Hill and Sweet failed to correct it. He also claims his rights were violated by Puckett's actions of secretly serving pork in the past and by not being provided adequate space to pray. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To adequately plead a free exercise claim, a prisoner must allege that "(1) he holds a sincere religious belief; and (2) a prison practice or policy places a substantial burden on his ability to practice his religion." *Wilcox v. Brown*, 877 F.3d 161, 168 (4th Cir. 2017). "… [A] 'substantial burden' is one that 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs,'… or one that forces a person to 'choose between following the precepts of [his] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of [his] religion … on the other hand.'" *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (internal citations omitted). When deciding whether the prison's practice substantially burdens a religious exercise, "courts must not judge the significance of the particular belief or practice in question." *Lovelace*,

472 F.3d at 187 n.2. At the pleading stage, a prisoner's allegation that his religious beliefs require a particular practice, participation or ritual that prison officials have not allowed is sufficient to plead the substantial burden element of a First Amendment free exercise claim. *See Wilcox*, 877 F.3d at 168. If a prisoner sufficiently alleges a substantial burden on his ability to practice his religion, then the court must consider whether the practice or policy "is reasonably related to [a] legitimate penological interest[]" such as security, discipline or efficient use of limited resources. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *see also Turner v. Safley*, 482 U.S. 78, 89 (1987).

In this case, Boyd has adequately pleaded that eating pork is forbidden by his religious beliefs. Nonetheless, the defendants argue that Boyd's allegation that he was served pork on one occasion is not sufficient to establish a "substantial burden" on the free exercise of his religious beliefs. In particular, the defendants argue that an isolated, intermittent or otherwise de minimis denial or interruption of an incarcerated person's religiously required diet does not impose a substantial burden on that person's religious beliefs. *See Mbonyunkiza v. Beasley*, 956 F.3d 1048, 1055 (8th Cir. 2020) (being served pork on only four occasions did not create a substantial burden on Muslim prisoner's free exercise of his religious beliefs); *Colvin v. Caruso*, 605 F.3d 282, 293-94 (6th Cir. 2010) (isolated incidents of serving nonkosher food not sufficient to state a constitutional violation); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1321 (10th Cir. 2010) (one occasion of prisoner receiving food items that rendered entire meal inedible under his religious beliefs did not constitute substantial burden); *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (receiving pork on three occasions out of approximately 810 meals did not constitute an impermissible burden on inmate's exercise of religion); *Jenkins v. Food Serv. Admin.*, 2021

WL3859949, at *5-8 (D. S.C. Aug. 27, 2021); *Blount v. Jabe*, 2007 WL 3275150, at *5 (W.D. Va. Nov. 5, 2007) (allegations that two meals were served violating prisoner's common fare diet not sufficient to state substantial burden on the exercise of his religion). Furthermore, as noted by this court in *Blount*, only intentional conduct is actionable under the Free Exercise Clause. *See* 2007 WL 3275150, at *4; *see also Jones v. Bailey*, 2018 WL 1513297, at *6 (W.D. Va. Mar. 27, 2018) (under the First Amendment, an inmate must demonstrate that the substantial burden was a product of the defendant's conscious or intentional interference with religious rights).

In this case, Boyd has alleged that he was served a meal containing pork on only one occasion. Furthermore, he has not alleged that his receipt of this meal containing pork was the result of the intentional action of any defendant. While Boyd claims that Puckett "used" to intentionally serve pork to Muslim inmates, Boyd does not allege that Puckett ever intentionally served him pork. Nor does he allege that Puckett's actions in the past placed any substantial burden on the free exercise of his religion.

With regard to Boyd's claim that he was not provided enough space to pray, Boyd has not alleged that any of the three named defendants were involved in the decision of where he would be allowed to pray. Liability under § 1983 lies only where it is shown that an official acted personally in the deprivation of the plaintiff's rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Based on the above-stated reasons, I will grant the Motions and dismiss Boyd's claims without prejudice.

An appropriate Order will be entered.

**ENTERED**: October 29, 2021.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE